ADOLPH MULLER, Respondent, v. ROBERT ROGERS
et al., Appellants.

No. 1546; October 6, 1868.

Carrier—Damages to Goods.—In the Trial of a Case against
alleged bailees to recover for damage claimed to have happened to
goods of the plaintiff intrusted to defendants for transit, a verdict for
the plaintiff after he, by his own testimony, as well as other evidence,
has proved that the contract of shipment was made by him with the
defendants as agents, he knowing them to be such at the time, cannot
be sustained.

APPEAL from Fourth Judicial District, San Francisco
County.

Jarboe & Harrison for respondent; S. V. Smith for appel-
lants.

SAWYER, C. J.—The action is to recover damages for
injuries during the transit to two bales of furs, which plaintiff
alleges that defendants agreed to carry from San Francisco
to Hamburg.

The only serious question in the case is, whether the evi-
dence is sufficient to show a contract, on their own account, by
the defendants, to carry the goods. The plaintiff, himself, in
his testimony, says: ''Defendants are the agents of the West
India and Pacific Steamship Company, Limited; I knew it,
when I shipped these goods; I acted with them as such
agents.'' There is nothing in this evidence in any degree in
conflict with this testimony of the plaintiff. There is other
testimony tending strongly to show that defendants acted in
the making of a contract to carry the goods, but it does not
purport to state the character in which they acted, whether
as principals, or agents. There is other testimony tending to
show that they were commission merchants only, and had no
interest, as owners, in any of the companies which actually
took part in the carriage of the goods, and that they were,
in fact, acting as agents of the West India and Pacific Steam-
ship Company. But when the plaintiff on cross-examination
comes to state the character in which defendants contracted,
he says they were agents; that he knew it when he shipped

the goods, and he "acted with them as such agents." Upon his own uncontradicted statement of the character in which he dealt with the defendants in the transaction, that is, as agents, we do not see how the jury could properly find that they contracted as principals, and they must have so found, or the verdict would necessarily, on the evidence, have been for defendants. If they contracted in the character of agents of the West India and Pacific Steamship Company, with the knowledge of plaintiff, the contract was the contract of the company, and not of defendants, and the company is the party liable. As the evidence is all one way on this point, the verdict cannot be sustained.

The judgment and order denying a new trial must be reversed on the ground indicated, and a new trial had; and it is so ordered, and remittitur directed to issue forthwith.

We concur: Sanderson, J.; Sprague, J.; Crockett, J.; Rhodes, J.